UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DWIGHT WILLIAMS, | ) |
| Petitioner, | ) |
| v. | ) Case No. 1:17-cv-1005-TWP-MJD |
| SUPERINTENDENT, | ) |
| Respondent. | ) |

**ENTRY ON PETITION FOR WRIT OF HABEAS CORPUS**

This matter is before the Court on the Petition for Writ of Habeas Corpus filed by Dwight Williams ("Williams"), challenging a prison disciplinary proceeding identified as No. IYC 16-10-210. ([Filing No. 1](#).) For the reasons explained in this Entry, Williams' Petition must be **denied**.

## I. LEGAL STANDARD

Prisoners in Indiana custody may not be deprived of good-time credits, *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004) (per curiam), or of credit-earning class, *Montgomery v. Anderson,* 262 F.3d 641, 644-45 (7th Cir. 2001), without due process. The due process requirement is satisfied with the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill,* 472 U.S. 445, 454 (1985); *Wolff v. McDonnell,* 418 U.S. 539, 570-71 (1974); *Piggie v. Cotton,* 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson,* 224 F.3d 649, 652 (7th Cir. 2000). The issue the before the Court is whether Williams' due process rights were observed during the course of his disciplinary proceedings. *See Piggie v. Cotton*, 342 F.3d 660, 667 (7th Cir. 2003) ("This court does not sit in review of the hearing officer's decision; Piggie is entitled to relief only if the procedures used to

arrive at that sanction do not comport with due process."); *Cain v. Lane*, 857 F.2d 1139, 1145 (7th Cir. 1988) ("Absent a denial of these due process rights, an allegation that a prison disciplinary committee's findings are not supported by the evidence does not require de novo review of those proceedings."); *Goff v. Dailey*, 991 F.2d 1437, 1440 n.5 (8th Cir. 1993) (noting that federal courts do not sit in appellate review over prison disciplinary decisions, but decide only whether the disciplinary committee violated the inmate's due process rights); *Thomas v. McBride*, 306 F. Supp. 2d 855, 859 (N.D.Ind. 2004) ("[T]his Court does not sit as a de novo trier of the [disciplinary board's] hearing . . . ."); *Hadley v. Peters*, 841 F. Supp. 850, 856 (C.D.Ill. 1994) ("[T]his court does not sit in review of the correctness of prison disciplinary decisions.").

## II. DISCUSSION

On October 24, 2016, Williams was charged with violating prison rules by his possession of a weapon during an assault during the late evening of October 1, 2016 at the Plainfield Correctional Facility, an Indiana prison. The Report of Conduct setting forth this charge is supported by a Report of Investigation of Incident, which states as follows:

> On October 24, 2016, I, Investigator P. Prulhiere, completed an investigation (case number 16-IYC-0159) which specifically was to search for evidence to prove or disprove whether Offender Dwight Williams 973439 was in possession of a weapon on October 1, 2016 at approximately 11:50 pm. I reviewed unit video and did find clear evidence that Offender Williams was in possession of a weapon on October 1, 2016. Additionally, physical evidence and multiple tips were used to assist this investigation and supported that Offender Williams used a weapon minimally in threatening manner in conjunction with an assault that occurred in Housing Unit North A Unit on October 1, 2016. Case number 16-IYC-0159 was written as a [sic] extension to case number 16-IYC-0145 which is a complete review of the assault which took place on October 1, 2016 and carried over into October 2, 2016.

Filing No. 7-2.

Williams was provided with a copy of the charge on October 26, 2016, and was also notified of his procedural rights in connection with the matter. Williams requested statements from Samuel Gonzales, Delman Alexander, and Mike Christian. In a written statement, offender Christian stated that, "No, I never saw any weapon. All I remember is him trying to talk people into getting on their bunks for count." (Filing No. 7-5.) Offender Alexander was asked whether Williams had a weapon and he responded "No." (Filing No. 7-6.) Offender Gonzales, who was the victim of assault, was asked whether Williams ever touched him. Gonzales stated, "No he didn't he had nothing to do with my altercation." (Filing No. 7-7.) Williams also requested physical evidence including the confidential case files for 16-IYC-0159 and 16-IYC-0145, review of the surveillance cameras, and a photograph of the weapon.

A hearing in the matter was conducted on November 29, 2016. Williams' comments were recorded as: "Never once had a weapon I just had a gash on my right wrist and I just had a shirt over it. I never had a weapon. There never was a description, photo or picture of a weapon." (Filing No. 7-8.) The hearing officer considered Williams' statement, together with the other evidence, and found Williams guilty of the misconduct with which he had been charged.

Applying the requirements of *Wolff* and *Hill* as an analytical template, Williams received all the process to which he was entitled. That is, the charge was clear, adequate notice was given, and the evidence was sufficient. In addition, (1) Williams was given the opportunity to appear before the hearing officer and make a statement concerning the charge, (2) the hearing officer issued a sufficient statement of his findings, and (3) the hearing officer issued a written reason for the decision and for the sanctions imposed.

Williams claims that he was improperly denied evidence from a confidential investigative file. The expanded record includes such material, but "prison disciplinary boards are entitled to receive, and act on, information that is withheld from the prisoner and the public . . . ." *White v. Ind. Parole Bd.,* 266 F.3d 759, 767 (7th Cir. 2001). Williams was not entitled to access to the confidential materials from that investigation, which in this case bears ample indications of reliability. *Dawson v. Smith*, 719 F.2d 896, 899 (7th Cir. 1983). The Court has already determined that there is sufficient security justification to keep those materials from disclosure to Williams or to the public. The video review, moreover, was detailed, comprehensive and accurate. Williams' first habeas claim is without merit. These circumstances also resolve Williams' third habeas claim, which is that his request for video evidence to be presented was denied. The expanded record shows just the opposite.

Williams also contends that the hearing officer was biased because the wording of the video summary was inculpatory. This is actually a challenge to the manner in which the hearing officer weighed the evidence, and such a challenge is outside the scope of federal habeas review. *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999) ("courts are not required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence, but only determine whether the prison disciplinary board's decision to revoke good time credits has some factual basis"). As presented by Williams, moreover, this claim does not support the relief he seeks. A prisoner in a disciplinary action has the right to be heard before an impartial decision maker. *Hill*, 472 U.S. at 454. A "sufficiently impartial" decision maker is necessary in order to shield the prisoner from the arbitrary deprivation of his liberties. *Gaither v. Anderson*, 236 F.3d 817, 820 (7th Cir. 2000) (per curiam). Hearing officers are impermissibly biased when

4

they are "directly or substantially involved in the factual events underlying the disciplinary charges, or in the investigation thereof." *Piggie v. Cotton*, 342 F.3d 660, 667 (7th Cir. 2003). "[T]he requirement of impartiality mandates the disqualification of an official who is directly involved in the incident or is otherwise substantially involved in the incident but does not require the disqualification of someone tangentially involved." *Merritt v. De Los Santos*, 721 F.2d 598, 601 (7th Cir. 1983). Nothing done by the hearing officer in this case, including the video review or writing a summary of the video review, constitutes "direct[ ] or substantial [ ] involve[ment] in the factual events underlying the disciplinary charges, or in the investigation thereof."

### III. CONCLUSION

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceeding, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Williams to the relief he seeks. Accordingly, Williams' Petition for Writ of Habeas Corpus (Filing No. 1) must be **DENIED** and the action **dismissed**.

Judgment consistent with this Entry shall now issue.

**SO ORDERED**.

Date: 8/15/2017

_____
TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

DISTRIBUTION:

Dwight Williams, #973439
Westville Correctional Facility
Inmate Mail/Parcels
5501 South 1100 West
Westville, Indiana  46391

Abigail T. Rom
OFFICE OF THE INDIANA ATTORNEY GENERAL
abby.rom@atg.in.gov